Floyd W. Bybee #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd. Ste. 5
Chandler, Arizona 85226
Phone: (480) 756-8822
Fax: (480) 297-0917
Email: floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jordan M. Rodrigues, | No. |
| Plaintiff, | |
| -vs.- | **COMPLAINT** |
| AJR360 LLC; Resolvion Management Services, LLC; and U Drive Acceptance Corporation, Inc.; | |
| Defendants. | (Jury Trial Demanded) |

Plaintiff Jordan M. Rodrigues, by and through undersigned counsel, for his complaint, alleges the following:

### I.    INTRODUCTION

1.    Plaintiff Jordan M. Rodrigues brings this action against Defendants AJR360 LLC, Resolvion Management Services, LLC, and U Drive Acceptance Corporation, Inc. pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), Article 9 of the Arizona Uniform Commercial Code, and Arizona common law.

### II.    JURISDICTION AN VENUE

2.    This Court has jurisdiction over this matter pursuant to 15

U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's claims occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## III.    PARTIES

4.    Plaintiff is a natural person and resident of Mesa, Arizona.

5.    Plaintiff is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

6.    Defendant AJR360 LLC ("AJR") is a foreign corporation registered and authorized to do business in the State of Arizona.

7.    AJR is a repossession company with its principal place of business located at 1846 E. Innovation Park Drive, Suite 100, Oro Valley, AZ, 85755.

8.    AJR uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

9.    AJR is a "debt collector" as defined in the FDCPA under 15 U.S.C. § 1692a(6).

10.    Defendant Resolvion Management Services, LLC ("Resolvion") is a foreign limited liability company that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its principal place of business in Charlotte, North Carolina.

11.    Upon information and belief, Resolvion uses the mail, telephone, or facsimile in a business the principal purpose of which is enforcement of security interests, namely the repossession of vehicles by lenders.

12.    Resolvion is a "debt collector," as defined in the FDCPA under

2

15 U.S.C. § 1692a(6).

13. U Drive Acceptance Corporation, Inc. ("U Drive") is a foreign corporation engaged in the business of originating subprime auto loans, with its principal place of business in Sioux City, Iowa.

14. U Drive is registered and authorized to conduct business in Arizona and does so regularly.

### IV.   FACTS

15. In April 2024, Plaintiff purchased a used 2014 Chevrolet Captiva ("Vehicle").

16. The Vehicle was purchased for personal, family and household use.

17. The Vehicle constitutes "consumer goods" as defined by A.R.S. § 47-9102(A)(23).

18. When Plaintiff purchased the Vehicle, the Vehicle had a clean title with no liens recorded against the title.

19. Plaintiff was not aware of any liens or financing secured by the vehicle when he purchased the Vehicle.

20. Upon information and belief, however, and unbeknownst to Plaintiff, U Drive claims that it had a security interest in the Vehicle.

21. As a result, in or about September 2024, U Drive engaged its repossession agent, Resolvion, to repossess the Vehicle.

22. Upon information and belief, Resolvion does not perform any repossessions itself in Arizona, but contracts with repossession companies in all 50 states, including Arizona, to carry out the actual repossessions, a fact which was known to U Drive.

23. Upon information and belief, after being contracted by U Drive to repossess Plaintiff's Vehicle, Resolvion arranged for AJR to carry out the actual repossession.

3

24. In the early morning of September 3, 2024, while Plaintiff was asleep, AJR arrived at Plaintiff's residence to repossess the Vehicle.

25. At the time, the Vehicle was parked face in on the driveway to Plaintiff's residence.

26. AJR hooked up to the back of the Vehicle and drug it from the driveway into the street.

27. Because the Vehicle was front-wheel-drive, the action of dragging the Vehicle off the driveway into the street caused significant damage to the Vehicle's drive train.

28. Plaintiff was startled awake due to noise and disturbance caused by AJR dragging the Vehicle into the street.

29. Plaintiff immediately went outside and thought that his Vehicle was being hijacked and stolen by a tow truck without a displayed license plate and by two men who did not speak English.

30. Plaintiff confronted the hijackers who had not yet taken full possession of the vehicle, and stated that they had no right to take his Vehicle.

31. The AJR employees explained in limited English that the Vehicle had a repossession order and they were picking it up.

32. Plaintiff again told the AJR employees that they had no right to take his Vehicle because there was no lien on it.

33. Because the AJR employees did not speak English well, they called their manager, Alex, at AJR.

34. After calling Alex, they gave their phone to Plaintiff who explained that AJR did not have the right to repossess the Vehicle because there was no lien.

35. Alex asked if he knew or was somehow connected in any way to "Kathleen Alvarez," the person whose vehicle they were looking for,

4

which Plaintiff denied.

36.    Alex then accused Plaintiff of defaulting on his loan payments, but again Plaintiff stated that he had no loan, and that the Vehicle had no lien and had a clean title when he purchased it.

37.    Alex then told Plaintiff that either he or the person he purchased the Vehicle from must have missed a payment to the bank because the vehicle was out of repossession.

38.    Plaintiff again explained that there was no bank involved, and that he purchased the Vehicle with a clean title and no lien.

39.    Once Plaintiff unequivocally protested the repossession, and put AJR on notice that it had no right to take possession of the Vehicle, AJR lost the right to continue with the repossession.

40.    However, instead of ceasing the repossession of the Vehicle, AJR continued the repossession in the face of Plaintiff's continued objections and protests.

41.    Despite Plaintiff telling them that the Vehicle had no lien and there was no bank involved, AJR chose not to investigate Plaintiff's claims and continued to execute the repossession.

42.    At the time of the repossession, Defendants had no legal right to take possession of the Vehicle from Plaintiff.

43.    At the time of repossession, there was no lien on the Vehicle and no valid security interest to enforce.

44.    Defendants had received sufficient information from Plaintiff at the time of the repossession that their repossession of the Vehicle was illegal, yet they continued with the repossession.

45.    As a result of the repossession, Defendants caused significant and costly damage to Plaintiff's Vehicle.

46.    Upon information and belief, Defendants' actions in this case

were motivated by financial gain.

## V.    CAUSES OF ACTION

## COUNT 1

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692f(6)(A)

## (AJR and Resolvion)

47.    Plaintiff realleges and incorporates the previous allegations as though fully set forth herein.

48.    Plaintiff brings Count 1 against Defendants AJR and Resolvion.

49.    Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

50.    To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

51.    Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

52.    Moreover, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

53.    "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors— repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

54.    Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

55.    Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

(C) the property is exempt by law from such dispossession or disablement.

56.    At the time of the repossession, Defendants AJR and Resolvion did not have an enforceable security interest in Plaintiff's Vehicle, but they seized it anyway, and then held the Vehicle even after they were alerted that they had no right to take the Vehicle.

57.    Furthermore, because Defendants did not have an enforceable security interest in the vehicle, the vehicle was clearly exempt by law from dispossession.

58.    As a result, Defendants AJR and Resolvion violated 15 U.S.C. § 1692f(6) when they repossessed Plaintiff's Vehicle on September 3,

7

2024.

59. By illegally repossessing Plaintiff's Vehicle in violation of the FDCPA, Defendants AJR and Resolvion harmed Plaintiff, in subjecting him to improper and deceptive collection activity, in violation of Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and in subjecting him to false, deceptive, unfair and unconscionable means to collect a debt.

60. Defendants' AJR and Resolvion illegal activity also harmed Plaintiff by depriving him of the use of his vehicle, and by causing him to suffer anxiety, anger, frustration, embarrassment, and other emotional distress damages.

61. Defendants' AJR and Resolvion illegal activity also harmed Plaintiff by causing mechanical and body damage to the Vehicle.

62. By reason thereof, Defendants AJR and Resolvion are liable to Plaintiff for violating 15 U.S.C. § 1692f, entitling him to an award of statutory damages, actual damages, costs and attorneys' fees.

**COUNT 2**

**VIOLATION OF A.R.S. § 47-9609**

**(All Defendants)**

63. Plaintiff repeats and re-alleges each factual allegation contained above.

64. Arizona only permits self-help repossession of consumer motor vehicles by a secured creditor who has an enforceable security interest. *See*, A.R.S. § 47-9609.

65. At the time of the repossession in this case, Defendants did not have an enforceable security interest in Plaintiff's vehicle, yet they seized the vehicle anyway and then held that vehicle even after they were alerted that they had no right to take the vehicle.

66. As a direct and proximate result of Defendants' unlawful repossession, Plaintiff suffered damages including, but not limited to, mechanical and body damage to the Vehicle, the loss of use of the Vehicle, and the loss of the right to pre-repossession judicial process, as well as mental and emotional harm including anger, anxiety, frustration and embarrassment.

## COUNT 3

## COMMON LAW TRESPASS TO CHATTEL

### (All Defendants)

67. Plaintiff repeats and re-alleges each factual allegation contained above.

68. The tort of trespass to chattel may be committed by intentionally dispossessing another of a chattel or using or intermeddling with a chattel in the possession of another. *Koepnick v. Sears Roebuck & Co.*, 158 Ariz. 322, 330–31, 762 P.2d 609, 617–18 (Ct. App. 1988) (citing *Restatement (Second) of Torts* § 217 (1965)).

69. "Dispossession" is defined as the intentional taking of a chattel from the possession of another without the other's consent, or the intentional barring of a possessor's access to a chattel. *Koepnick*, 158 Ariz. At 331 (citing The *Restatement (Second) of Torts* § 221 (1965)).

70. One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (1) he dispossesses the other of the chattel, (2) the chattel is impaired as to its condition, quality, or value, (3) the possessor is deprived of the use of the chattel for a substantial time or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. *Koepnick*, 158 Ariz. At 331 (citing The *Restatement (Second) of Torts* § 221 (1965) Comment B).

9

71. Defendants intentionally took possession of Plaintiff's Vehicle and its contents.

72. At the time Defendants took possession of Plaintiff's Vehicle and its contents, Plaintiff did not consent to their possession of his Vehicle or its contents.

73. Defendant had no legal authority to take possession of Plaintiff's Vehicle or its contents.

74. By taking possession of Plaintiff's Vehicle and its contents, Defendants "dispossessed" Plaintiff of his Vehicle and its contents.

75. As a result of Defendants' dispossession, Plaintiff was deprived of the use of his Vehicle and its contents for a period of time.

76. As a result of Defendant's dispossession, Plaintiff suffered anger, fear, anxiety, embarrassment, and stress.

77. By intentionally dispossessing Plaintiff of her Vehicle and its contents without legal authority to do so, Defendants committed trespass to chattel.

78. Defendants' actions in taking Plaintiff's Vehicle without authority evidence that its conduct was guided by willful or wanton disregard of the interests of others.

79. In Arizona, secured creditors are liable for the torts committed by their agents. *See Rand v. Porsche Fin. Servs.*, 216 Ariz. 424, 434, 167 P.3d 111, 121 (App. 2007) ("[W]e hold that the non-delegable duty exception applies to independent contractors hired to accomplish the self-help repossession of a motor vehicle. Accordingly, we conclude that although Interstate Recovery was an independent contractor, PFS remains liable for its trespass. . . .")

80. U Drive, as the creditor that hired Resolvion and its agents, AJR, is liable for Defendants' trespass.

10

## VI.   DEMAND FOR TRIAL BY JURY

81.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants as follows:

a) Awarding Plaintiff his actual damages incurred;

b) Awarding Plaintiff statutory damages, along with attorney's fees and expenses incurred in bringing this action;

c) Awarding Plaintiff punitive damages;

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

RESPECTFULLY SUBMITTED:   September 18, 2024   .

s/   Floyd W. Bybee
Floyd W. Bybee #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd. Ste. 5
Chandler, Arizona 85226
Phone: (480) 756-8822
Fax: (480) 297-0917
floyd@bybeelaw.com

Attorney for Plaintiff